LAND AUTHORITY OF PUERTO RICO, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1160.   Submitted January 29, 1945.—Decided May 21, 1945.

*Francisco A. Arrillaga* and *Antonio Riera* for appellant.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Pedro José Torres died intestate and the District Court of Guayama, by an order of May 26, 1942, declared his legitimate children and his widow—the latter in her usufructuary share—his sole and universal heirs.   Two years later, by a deed of November 4, 1944, before Notary Antonio Riera, the widow waived her right of usufruct and in the same document she, as well as her children, sold to the Land Authority of Puerto Rico the property which composed the inheritance.   Upon presenting at the registry the declaration of heirship and the deed of sale together with other supplementary documents, the registrar recorded the property, first in the name of the heirs "subject to the result of the liquidation of decedent's estate," and afterwards, by virtue

of the deed of sale, in the name of the Land Authority, subject to the same condition. The Land Authority thereupon took this appeal, praying that the registrar's decision be reversed, and said condition canceled.

██ Section 23 of the Mortgage Law, in its pertinent part, reads as follows:

"In the award of specific real property in an inheritance . . . to a participant, to a creditor or to a stranger with the obligation of applying its value to the payment of debts or charges against such inheritance . . . , the condition under which the property is allotted shall be stated when recorded in the name of the person to whom the property has been awarded, and it shall have the effects which this law establishes in subdivision 1 of article 37.[1]

". . . When no specific property is allotted for the payment of debts, all the property of the inheritance . . . *shall stand relieved of all liability to the prejudice of third persons, even when the registry shows the existence of the debts.*" (Italics ours.)

When property is awarded in payment of debts, said condition constitutes a lien on the real property awarded for that purpose, and naturally the creditors may act against those who might acquire them in the future as if the property were still in the hands of the heir. But in the instant case there was no such award in payment of debts, and therefore, pursuant to § 23, the property was acquired free of encumbrance by all the heirs; and not being encumbered, the debts of the estate, if any, can not be collected on the property if the latter is conveyed to a third party (*tercero*), as is the Land Authority in this case, unless it were proved that, in the

---

[1] Section 37 provides in part:

"The following are excepted from the rule contained in the foregoing article:

"1. Rescissory and resolutory actions which owe their origin to causes which specifically appear in the registry."

Section 36 reads thus:

"Rescissory and resolutory actions shall not lie against third persons who have recorded the deeds of their respective interests in accordance with the provisions of this law."

absence of other property on which the creditors may collect, the heirs made the conveyance in fraud of creditors.[2]

On the other hand, the property answers for all the hereditary debts so long as it belong to one of the heirs, not because it is encumbered, but because when the heirs accept the inheritance without benefit of inventory, they succeed the deceased in all his rights and obligations, Civil Code (1930) § 610, and like every debtor, they are liable with all their present and future property for the fulfillment of his obligations. Section 1811.

Since the creditors of the inheritance have no real right, and as it is the object of the registry to protect ownership, possession, and the real but not the personal rights, upon recording the undivided common property in favor of the forced heirs, the registrar should not record it subject to the liquidation of decedent's estate. *Estate of Dávila* v. *Registrar of Property*, 15 P.R.R. 652 (1909); *Garrastazú, Heirs of* v. *Registrar of San Germán*, 36 P.R.R. 157 (1927); Manuel Martínez Escobar, *Las Inscripciones* (first edition), vol. 1, pp. 149 *et seq.*

It is true that as the property or a part thereof was not adjudicated in payment of the debts of the inheritance, the mere fact that the registrar entered said condition does not render the personal obligation of the heirs to pay the obligations of the ancestor a real obligation on the property; but there is no doubt that even though the creditors derive no benefit therefrom, yet the heirs and subsequent purchasers are unnecessarily and illegally prejudiced, inasmuch as once this condition appears in the registry, persons who are not

---

[2] Section 1064 of the Civil Code provides:

"Creditors, after having attached the property of which the debtor may be in possession, in order to collect all that is due them, may exercise all the rights and actions of the latter for the same purpose, excepting those inherent in his person; they may also impugn the acts which the debtor may have performed in fraud of their right."

familiar with the Mortgage Law would not be inclined to contract on this property, the territorial credit being likewise prejudiced.

*Ríos* v. *Registrar,* 19 P.R.R. 708, is not applicable to the case at bar, because in the former a liquidation of the conjugal partnership was involved and even though it was stated that, "Naturally, such records [the rights corresponding to the conjugal partnership and the hereditary right] will be subject to the result of the liquidation of the inheritance and of the conjugal partnership", nevertheless, the beginning of said paragraph reads: "We are of the opinion that as the liquidation of an inheritance is not necessary in order that the hereditary right may be recorded in the names of the heirs of a person, . . . " thus showing that even though it is said that the recordation of the hereditary right is subject to the liquidation of the inheritance, this was a mere lapsus and that what the court had in mind was only the liquidation of the conjugal partnership. In this case there is no question about a liquidation of conjugal partnership but only about the registration of an undivided common property.

The case of *Allende* v. *Registrar,* 28 P.R.R. 529, may be distinguished from the one at bar in that there the widower, as owner of one-half of the community property, executed a mortgage on said one-half, which was conjugal property, and since the conjugal partnership had not been liquidated, it was held that the registrar should have recorded the mortgage subject to the liquidation of the conjugal partnership.

For the foregoing reasons the decision appealed from must be reversed and the condition stated by the registrar canceled.